Raymond E. COOPER and Judy Cooper, and Bascom H. Smith and June E. Smith, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 9213.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 13, 1964.

Decided March 17, 1964.

---

164

John Y. Merrell, Washington, D. C., for petitioners.

Michael Mulroney, Attorney, Department of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson, Melva M. Graney and Earl J. Silbert, Attorneys, Department of Justice, on brief), for respondent.

Before HAYNSWORTH, BRYAN and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

Petitioners contend that the Tax Court erred in denying them the percentage depletion deduction on the amounts which they received for their coal. Petitioners are two of a large number of contract mine operators who entered into oral agreements with the Jewell Ridge Coal Corporation [hereinafter Jewell Ridge] sometime prior to 1953 to extract coal from that company's leased property. Their right to the deduction depends upon whether they acquired an economic interest in the coal in place, and this in turn depended upon the terms of their contracts with Jewell Ridge. Insofar as their right to take the percentage depletion deduction is concerned, the terms of petitioners' contracts are the same as those entered into by the contract mine operators in Merritt v. Commissioner of Int. Rev., 330 F.2d 161 (4 Cir. 1964), which was argued before this court on the same day as the case at bar. In that case, we decided that the contract mine operators were entitled to take the deduction. We have read the record in this case and find no basis for making a distinction. The basic historical facts found by the Tax Court insofar as they relate to the tax issue are the same.

We have concluded, therefore, that upon this record as a whole the court was clearly in error in finding that the petitioners had no economic interest in the coal in place and that their contracts were terminable at will by Jewell Ridge. We see nothing to be gained by a detailed repetition of the facts and the reasons underlying our decision in that case.

Our conviction is strengthened by the fact that the Tax Court itself in another case involving the same contract reached the same conclusion as we have in this and in the Merritt case. Norman E. Clifton, 27 P-H Tax Ct.Mem. 271 (1958).

The decisions of the Tax Court are Reversed.